IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
JAMES MICHAEL KELLER,        )
                             )
     Plaintiff,              )
                             )     CIVIL ACTION NO.
     v.                      )       2:19cv207-MHT
                             )           (WO)
HYUNDAI MOTOR                )
MANUFACTURING,               )
                             )
     Defendant.              )
```

### ORDER

Based on the representations made on the record during the telephone conference on December 10, 2020, it is ORDERED as follows:

(1) Defendant's motion in limine to exclude the testimony of Linnda Durre and the testimony and recordings of individuals she interviewed (doc. no. 62) is denied. The admissibility of the recordings and testimony of people interviewed by Durre will be determined by the regularly applicable procedural and evidentiary rules, including whether the witnesses were properly disclosed to defendant.

(2) Plaintiff's motion to obtain and file additional evidence (doc. no. 72) is granted in part.

On or before December 17, 2020, defense counsel will produce to plaintiff's counsel the year-end supervisor comments for plaintiff's 2017 performance evaluation. Also on or before December 17, 2020, defense counsel will inform the court whether it is possible to generate the report sought by plaintiff of the names of the individuals who participated in plaintiff's annual performance evaluations and the dates on which they did so, along with similar reports for the other employees selected by defendant for reorganization.  If defendant can generate such reports, defense counsel should produce the report for plaintiff to plaintiff's counsel on or before December 23, 2020.  After defense counsel informs the court whether these reports can be generated, the court will decide whether to order that the reports for the other employees be produced as well.

(3) Plaintiff's motion in limine to exclude the testimony of defendant's expert Carole Amidon (doc. no.

73) is denied as untimely because plaintiff has failed to comply with the deadline for *Daubert* motions. *See* Order (doc. no. 53) at 1.

(4) Defendant's motion to strike plaintiff's motion in limine (doc. no. 81) is denied as moot in light of the disposition of plaintiff's motion in limine set forth above.

(5) Defendant's motion to strike certain affidavits and portions of plaintiff's declaration (doc. no. 77) is denied. Defense counsel was made aware of the affidavits during plaintiff's deposition and should have known that there was a possibility that plaintiff would use the affidavits to support his claims. The fact that defense counsel was not provided contact information for the two affiants is not enough to require their exclusion. *See* Fed. R. Civ. P. 26(e) advisory committee's note to 1993 amendment. As to the part of defendant's motion to strike that addresses portions of plaintiff's declaration, in resolving the

pending summary-judgment motion, the court will construe defendant's motion as a notice of objections to the testimony described, and will implicitly or explicitly resolve these objections.  *See Norman v. S. Guar. Ins. Co.*, 191 F. Supp. 2d 1321, 1328 (M.D. Ala. 2002) (Thompson, J.); *Anderson v. Radisson Hotel Corp.*, 834 F. Supp. 1364, 1368 n.1 (S.D. Ga. 1993) (Bowen, J.).  The court is capable of sifting evidence, as required by the summary-judgment standard, without resort to an exclusionary process, and the court will not allow the summary-judgment stage to degenerate into a battle of motions to strike.

DONE, this the 10th day of December, 2020.

                                            /s/ Myron H. Thompson  
                                      **UNITED STATES DISTRICT JUDGE**