IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| JAMES MICHAEL KELLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:19cv207-MHT |
| | ) | (WO) |
| HYUNDAI MOTOR | ) | |
| MANUFACTURING, | ) | |
| | ) | |
| Defendant. | ) | |

SUPPLEMENTAL OPINION

On January 19, 2021, the court issued an opinion in this case resolving cross-motions for summary judgment. *See Keller v. Hyundai Motor Mfg.,* 2021 WL 190904, --- F. Supp. 3d ---- (M.D. Ala. 2021) (Thompson, J.). In that opinion, the court noted that a plaintiff seeking to establish a prima facie case of age discrimination under the modified burden-shifting framework applicable to claims under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, must show, among other things, that he or she was "between the age of forty and seventy." *Id.* at ----, 2021 WL 190904 *5 (quoting *Liebman v. Metro.*

*Life. Ins. Co.*, 808 F.3d 1294, 1298 (11th Cir. 2015)).

This was an error.  In 1986, Congress amended the ADEA to remove the maximum age limitation on employees who may claim the benefits of that statute.  *See* Age Discrimination in Employment Amendments of 1986, Pub. L. No. 99-592, § 2(c), 100 Stat. 3342, 3342 (1986); *see also* 29 U.S.C. § 631.  In its opinion in this case, the court relied on opinions of the Eleventh Circuit Court of Appeals discussing the elements of the prima facie case for ADEA plaintiffs.  *See, e.g., Liebman*, 808 F.3d at 1298.  It appears that the Eleventh Circuit has failed to update the prima facie case it uses when analyzing ADEA claims to take account of Congress's express removal in 1986 of the then-applicable limitation on ADEA suits to plaintiffs under the age of 70.  *See id; see also Carter v. City of Miami*, 870 F.2d 578, 579 n.2 (11th Cir. 1989) (noting incorrectly that the ADEA "protect[s] persons between the ages of 40 and 70").

The court is bound by the current text of the ADEA, 29 U.S.C. § 631, as well as the unmistakable purpose of the amendment Congress enacted in 1986, the full name of which was "An Act to amend the Age Discrimination in Employment Act of 1967 to remove the maximum age limitation applicable to employees who are protected under such Act, and for other purposes." Age Discrimination in Employment Amendments, 100 Stat. at 3342.  Accordingly, the court erred when it relied on the Eleventh Circuit's mistaken articulation of the age restrictions currently applicable to ADEA claims. However, because this error did not affect the court's reasoning or conclusions, the opinion of January 19 otherwise remains in effect.

DONE, this the 22nd day of March, 2021.

                                                              /s/ Myron H. Thompson
                                             UNITED STATES DISTRICT JUDGE